1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

DARRELL KING,                      )    1:12-cv-00083 LJO MJS HC
13                                     )
                Petitioner,        )
14                                     )    FINDINGS AND RECOMMENDATION
      v.                           )    REGARDING RESPONDENT'S MOTION
15                                     )    TO DISMISS
                                   )
16  MARTIN BITER,                      )    [Doc. 12]
                                   )
17                Respondent.       )
                                   )
18  _____)

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254. Respondent, Martin Biter, as acting warden of Kern Valley State

21  Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the

22  Federal Rules of Civil Procedure. Respondent is represented in this action by Patricia W.

23  Heim, Esq., of the Office of the Attorney General for the State of California.

24  I.    **BACKGROUND**

25          Petitioner is currently in the custody of the California Department of Corrections

26  pursuant to a 1981 judgment for first degree murder and various enhancements. (Pet. at 3,

27  ECF No. 1.) Petitioner was sentenced to serve an indeterminate term of twenty-nine (29) years

28  to life in state prison. (Id.) On October 28, 2009, the Board of Parole Hearings ("Board") found

1   Petitioner unsuitable for parole. (See generally Pet.)

2       Starting in March 2009, Petitioner filed three collateral challenges with respect to the

3   Board decision finding him unsuitable for parole in the state courts, all petitions for writ of

4   habeas corpus, as follows:

5       1.   Marin County Superior Court
             Filed: October 31, 2009[1];
6            Denied: January 21, 2010;

7       2.   California Court of Appeals, First Appellate District
             Filed: April 9, 2010[2];
8            Denied: April 22, 2010;

9       3.   California Supreme Court
             Filed: January 20, 2011[3];
10           Denied: June 29, 2011;

11  (See Mot. to Dismiss, Exs. 1-8, ECF No. 12-1.)

12      On August 4, 2011, Petitioner filed the instant federal petition for writ of habeas corpus

13  with the United States Court of Appeals for the Ninth Circuit, which in turn transferred the

14  petition to this court on October 4, 2011. On March 22, 2011, Respondent filed a motion to

15  dismiss the petition as being filed outside the one-year limitations period prescribed by 28

16  U.S.C. § 2244(d) and for failure to state cognizable claims. Petitioner filed an opposition to

17  Respondent's motion to dismiss on April 11, 2012. Respondent filed a reply on April 18, 2012.

18  _____

19      [1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
    the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
20  487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness
    of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
21  2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
    filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
22  the Rules Governing Section 2254 Cases. Although the petition was filed on November 23, 2009, pursuant to the
    mailbox rule the Court considers the petition filed on October 29, 2009, the date Petitioner signed the proof of
23  service attached to the petition.

24      It should also be noted that Respondent asserts that the Marin County Superior Court returned his petition,
    and Petitioner filed another petition on November 23, 2009. However, as noted above, November 23, 2009 was
25  the date that the first petition was considered filed. The Court need not resolve the inconsistency as it is not
    relevant to the present analysis, as described below.

26      [2] Although the petition was filed on April 14, 2010, under the mailbox rule the Court will consider the
27  petition filed on April 9, 2010, the date Petitioner signed the proof of service attached to the petition.

28      [3] Although the petition was filed on January 24, 2011, under the mailbox rule the Court will consider the
    petition filed on January 20, 2011, the date Petitioner signed the proof of service attached to the petition.

1   **II.     DISCUSSION**

2          **A.     Procedural Grounds for Motion to Dismiss**

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

5   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

6   Cases.

7          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

8   answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

9   violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

10  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

11  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

12  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

13  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

14  after the court orders a response, and the Court should use Rule 4 standards to review the

15  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

16         In this case, Respondent's motion to dismiss is based on a violation of the one-year

17  limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

18  in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

19  procedural default and Respondent has not yet filed a formal answer, the Court will review

20  Respondent's motion to dismiss pursuant to its authority under Rule 4.

21         **B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

22         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

23  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

24  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

25  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

26         In this case, the petition was filed on October 4, 2011, and therefore, it is subject to the

27  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

28  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

amended, § 2244, subdivision (d) reads:

>     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

Respondent submits that the limitations period began to run on October 28, 2009, the date of the hearing when the Board found Petitioner unsuitable for parole, and Petitioner had one-year thereafter to file a timely federal petition. Respondent's argument is flawed.

With respect to the discovery of the factual predicate of a claim alleging an unconstitutional denial of parole, the Ninth Circuit Court of Appeals has not decided whether the triggering event is the initial decision denying parole or the point at which the decision

1   becomes final. In Redd, the Ninth Circuit held that the factual predicate occurred on the date

2   the administrative decision to deny parole became final. 343 F.3d at 1083-1084. This occurred

3   after an administrative appeal taken by the petitioner was denied. Id.

4       At the time the Redd decision was rendered, September 11, 2003, California prisoners

5   could contest the Board's adverse parole decision by filing an administrative appeal from the

6   final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on

7   May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code

8   Regs. tit. 15, § 2050 et seq. (2004).

9       Now, a parole consideration hearing decision, such as the October 28, 2009 decision

10  in this instance, is considered a proposed decision until it passes through a decision review

11  process.  Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041(h). All proposed

12  decisions become final within 120 days unless the Board finds an error of law, the decision

13  was based on an error of fact, or if new information when corrected or considered by the

14  Board has a substantial likelihood of resulting in a substantially different decision on rehearing.

15  Id.; Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable

16  for parole shall become final within 120 days of the date of the hearing. During that period, the

17  board may review the panel's decision.").

18      Generally, it is not knowledge of some facts pertinent to a claim that constitutes

19  discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge

20  of facts constituting reasonable grounds for asserting all elements of a claim in good faith.

21  Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the

22  petitioner knows, or through diligence could discover, the important facts, and not when the

23  petitioner recognizes their legal significance; it is not necessary for a petitioner to understand

24  the legal significance of the facts themselves before the obligation to exercise due diligence

25  commences and the statutory period starts running. Id. at 1154 n. 3.

26      At all times pertinent  to the present petition the state statute that provides for the parole

27  suitability hearing and decision has also expressly provided for review of the decision before

28  finality. Cal. Pen. Code § 3041(a), (b). The state statute has also stated that any decision

granting parole becomes final within 120 days of the date of the hearing. Cal. Pen. Code § 3041(b). The pertinent regulations have provided that parole decisions of the board after a hearing "are proposed decisions and shall be reviewed prior to their effective date in accordance with" specified procedures. Cal. Code Regs. tit. 15, § 2041(a) (2010). It is expressly provided that "[a]ny proposed decision granting, modifying, or denying a parole date for a life prisoner… shall become final no later than 120 days after the hearing at which the proposed decision was made." Cal. Code Regs. tit. 15, § 2043 (2010); see, Cal. Code Regs. tit. 15, § 2041(h). Under these circumstances, the initial, proposed decision cannot logically constitute all the facts constituting reasonable grounds for asserting a claim challenging a parole decision, as the parole decision has yet to be made.

Considering the date upon which the parole decision becomes final as the triggering event is consistent with other cases in the circuit applying § 2244(d)(1)(D) to administrative decisions. A large majority of district courts in California have held that the factual predicate occurs when the Board's parole decision becomes final 120 days after the hearing. See e.g., Fisher v. Hartley, No. 1:09-cv-01990 OWW MJS HC, 2010 U.S. Dist. LEXIS 92670 (E.D. Cal. September 7, 2010).

Respondent relies on Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012), in support of the proposition that the statute of limitations should run from the day of the hearing. Mardesich dealt with a parole hearing prior to May 1, 2004, when the administrative appeal process was repealed and abolished. It does not provide appropriate guidance to proposed decisions of the parole board and is not relevant to the present inquiry.

In summary, the Court concludes that the date on which the factual predicate of a decision on Petitioner's parole could have been discovered through the exercise of reasonable diligence was upon the decision's finality, occurring one hundred twenty (120) days after the October 28, 2009 decision. Here, the Board's adverse decision on October 28, 2009 was merely a proposed decision that did not become final until 120 days thereafter, on February 25, 2010. The statute of limitations began to run the next day, February 26, 2010, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby

1   v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

2      Petitioner would have one year from February 26, 2010, absent applicable tolling, in

3   which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing

4   the instant petition until October 4, 2011, over seven months after the statute of limitations

5   period expired.  Absent the later commencement of the statute of limitations or any applicable

6   tolling, the instant petition is barred by the statute of limitations.

7      **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

8      28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

9   State post-conviction or other collateral review with respect to the pertinent judgment or claim

10  is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

11  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

12  petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

13  between one state court's disposition of a habeas petition and the filing of a habeas petition

14  at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

15  183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year

16  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

17  conviction petition was timely or was filed within a reasonable time under state law. Pace v.

18  DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as

19  untimely or determined by the federal courts to have been untimely in state court will not

20  satisfy the requirements for statutory tolling. Id.

21     As stated above, the statute of limitations period began on February 26, 2010.

22  Petitioner filed his first state habeas petition prior to the commencement of the statute of

23  limitations period and cannot serve to toll the limitations period. At that point, the entire 365

24  days of the limitations period remained. Petitioner filed a state habeas petition in the California

25  Court of Appeal, First Appellate District on April 9, 2010, 43 days after the statute of limitations

26  period commenced. The petition was dismissed on April 22, 2010. Therefore 322 days of the

27  limitations period remained as of that date.

28     Petitioner next filed his petition with the California Supreme Court on January 20, 2011,

1   273 days after the denial of the Court of Appeals petition. Such a delay is unreasonable,

2   thereby making his third petition untimely. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir.

3   2011) (eighty and ninety-one day delays in filing are unreasonable under California law and

4   prevent tolling of AEDPA's one year statute of limitations.). Petitioner is not entitled to tolling

5   for the period between filing his second and third petitions.

6        However, Petitioner is still entitled to tolling during the time in which the third petition

7   was pending. A total of 49 days of the limitations period remained as of June 29, 2011, the

8   date the California Supreme Court petition was denied. Accordingly, the statute of limitations

9   period expired on August 17, 2011. The instant petition was not filed until six weeks later, on

10  October 4, 2011, and it therefore is untimely.

11       **D.    Equitable Tolling**

12       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

13  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

14  stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v.

15  DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace,

16  544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not

17  presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to

18  the benefit of equitable tolling and his petition remains untimely.

19  **III.   FAILURE TO STATE COGNIZABLE CLAIMS**

20       Respondent also asserts that Petitioner's claims are not cognizable by way of federal

21  habeas. As the instant petition is not timely, the Court need not address whether Petitioner's

22  claims are cognizable.

23  **IV.   RECOMMENDATION**

24       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

25  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

26  GRANTED.

27       This Findings and Recommendation is submitted to the assigned United States District

28  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

1   Local Rules of Practice for the United States District Court, Eastern District of California.

2   Within thirty (30) days after the date of service of this Findings and Recommendation, any

3   party may file written objections with the Court and serve a copy on all parties.  Such a

4   document should be captioned "Objections to Magistrate Judge's Findings and

5   Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

6   days after service of the Objections. The Finding and Recommendation will then be submitted

7   to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

8   (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

9   waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

10  Cir. 1991).

11

12

13  IT IS SO ORDERED.

14  Dated:    June 29, 2012                              /s/ Michael J. Seng
                                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28